**FREEMAN MATHIS & GARY, LLP**
TIMOTHY W. KENNA, APC / SBN 064280 / tkenna@fmglaw.com
PAUL A. BIGLEY / SBN 119462 / pbigley@fmglaw.com
REBECCA J. SMITH / SBN 150428 / rsmith@fmglaw.com
550 South Hope Street, 22nd Floor
Los Angeles, California 90071-2627
(213) 615-7000; FAX (213) 615-7100

Attorneys for Defendants
COMCAST CABLE COMMUNICATION, LLC and
COMCAST CABLE COMMUNICATIONS
MANAGEMENT, LLC

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC GAS AND ELECTRIC COMPANY, | Case No. |
| Plaintiff, | **DEFENDANTS' NOTICE OF REMOVAL** |
| vs. | |
| COMCAST CABLE COMMUNICATIONS, LLC and COMCAST CABLE COMMUNICATIONS MANAGEMENT LLC, | |
| Defendants. | |

### DEFENDANTS' NOTICE OF REMOVAL

### PURSUANT TO 28 U.S.C. §§ 1332, 1441 and 1446

TO THE CLERK OF THE COURT OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, all named defendants, Defendants Comcast Cable Communications, LLC and Comcast Cable Communications Management, LLC (collectively, "Comcast") respectfully submit this Notice of Removal of this action from the Superior Court of California, San Francisco County, Civ. No. CGC-17-562605, to the United States District Court for the Northern District of California. In support of removal, Comcast states as follows:

/ / /

/ / /

# PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL

1. On November 21, 2017, Plaintiff Pacific Gas and Electric Company ("PG&E") filed the Complaint against Defendants Comcast Cable Communications, LLC and Comcast Cable Communications Management, LLC in the Superior Court of California, San Francisco County, Civ. No. CGC-17-562605. (Ex. A).

2. Defendants Comcast Cable Communications, LLC and Comcast Cable Communications Management, LLC were served with the Summons and Complaint on November 21, 2017. (Ex. B).

3. This removal notice is timely under 28 U.S.C. § 1446(b) because it has been filed within thirty (30) days of Comcast's receipt of the complaint. *See* 28 U.S.C. § 1446(b).

4. Pursuant to 28 U.S.C. § 1446(a), copies of all state court processes, pleadings, and orders available from the Superior Court of California website docket are attached hereto, along with a copy of the docket from the Superior Court of California website. (*See* Exhibits A – D).

## JURISDICTION

## BASIS FOR REMOVAL JURISDICTION

5. Removal is proper because this Court has jurisdiction over this civil action under 28 U.S.C. § 1332(a) given that complete diversity of citizenship exists between the parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

6. Plaintiff Pacific Gas and Electric Company is a corporation organized and existing under the laws of the State of California, with its principal place of business in San Francisco, California. (*See* Ex. A, Comp. ¶ 2).

7. Defendant Comcast Cable Communications, LLC is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at One Comcast Center, 1701 John F. Kennedy Blvd., Philadelphia, Pennsylvania 19103. Comcast Cable Communications, LLC is a wholly-owned subsidiary of Comcast Corporation, a corporation organized and existing under the laws of the State of Pennsylvania, with its principal place of business at 1701 John F. Kennedy Blvd., Philadelphia, Pennsylvania 19103.

///

8. Defendant Comcast Cable Communications Management, LLC is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at One Comcast Center, 1701 John F. Kennedy Blvd., Philadelphia, Pennsylvania 19103. Comcast Cable Communications Management, LLC is a wholly-owned subsidiary of Comcast Corporation, a corporation organized and existing under the laws of the State of Pennsylvania, with its principal place of business at 1701 John F. Kennedy Blvd., Philadelphia, Pennsylvania 19103.

9. Pursuant to 28 U.S.C. § 1441(b)(1), the citizenship of fictitious defendants "Does 1 through 10" (Ex. A, Comp. ¶ 5) is disregarded for purposes of removal, and under 28 U.S.C. § 1446(b)(2)(A) only defendants who have been served need join in or consent to removal. *See* 28 U.S.C. § 1441(b)(1); 28 U.S.C. § 1446(b)(2)(A); *see also Tatevossian v. Wells Fargo Bank*, Civ. A. No. 16-cv-03135, 2016 WL 4367235, at *3 (C.D. Cal. Aug. 12, 2016) (fictitious defendants are disregarded for purposes of removal and need not join in or consent to removal). Only the defendants filing this notice of removal have been served.

10. Accordingly, complete diversity of citizenship exists between the parties in satisfaction of 28 U.S.C. § 1332(a).

11. In addition, the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-57 (2014) ("the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court," and the "notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," and further observing that "evidentiary submissions" are not required in a removal notice). "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). Comcast need only show that it is "more likely than not" that the amount in controversy is satisfied. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

12. PG&E's Complaint seeks contractual indemnity from Comcast in connection with the underlying personal injury action captioned, *Margarito Meza et al. v. Pacific Gas & Electric Company et al.*, Civ. No. CGC-13-533134 (the "*Meza* Action"), in which PG&E is a defendant, "in

-3-
DEFENDANTS' NOTICE OF REMOVAL

4589840.1  56521-00272

1 the event of a settlement or judgment in the underlying lawsuit." (Ex. A, Comp. ¶¶ 1, 30-53; *see also* Ex. E, Meza Action Complaint). Comcast is not a party to the *Meza* Action.

2    13.   Although PG&E's Complaint does not plead any specific amount in indemnity that PG&E seeks to recover, the Complaint sets forth causes of action for, *inter alia*, declaratory relief concerning Comcast's alleged duty to indemnify PG&E for "any settlement or judgment in the *Meza* lawsuit." (Ex. A, Comp. ¶¶ 44). *See Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation.") (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)). Based on the information available to non-party Comcast regarding the *Meza* Action, the indemnity at issue in this action for the *Meza* Action concerns an amount in controversy substantially in excess of the $75,000 threshold, exclusive of interest and costs.

14.   PG&E's Complaint itself states that Mr. Meza, "a cable splicer employed by CableCom ... contacted a 21kV power line," as a result of which "Mr. Meza sustained severe injuries, including the loss of his arm, part of his shoulder, loss of his ear, significant burns, and other injuries." (Ex. A, Comp. ¶ 17). These allegations alone satisfy the requirement of a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.

15.   Further establishing the amount in controversy are the allegations of the Complaint in the underlying *Meza* Action. In California, personal injury plaintiffs are prevented from pleading in the complaint a specific amount of damages sought in the personal injury action. *See* Cal. Civ. Proc. Code § 425.10(b). Courts have found it "facially apparent" from a personal injury complaint that does not plead a specific amount of damages that the amount in controversy is satisfied when the alleged injuries are severe, requiring significant medical treatment. *See, e.g., Garcia v. Owens-Brockway Glass Container Inc.*, No. 16-cv-01889, 2016 WL 9275451, at *3 (C.D. Cal. June 30, 2016); *Hammarlund v. C.R. Bard, Inc.*, No. 15-cv-05506, 2015 WL 5826780, at *2 (C.D. Cal. Oct. 2, 2015) ("In cases involving severe injuries, especially those requiring surgery, courts have found it facially apparent from the complaint that the amount in controversy

Freeman Mathis
& Gary, LLP
Attorneys at Law

4589840.1  56521-00272

was satisfied.").[1] The underlying Complaint in the *Meza* Action asserts causes of action sounding in negligence, premises liability, and loss of consortium against all defendants, including PG&E, (Ex. E, Meza Complaint, at ¶¶ 15-33), and alleges serious injuries requiring significant medical treatment.

16. Solely by way of illustration, the *Meza* Plaintiffs allege that "Plaintiff was hurt and injured in his health ... sustaining injury to his body, and shock and injury and serious emotional distress to his nervous system and person, all of which ... have caused and continue to cause Plaintiff a great mental, physical, and nervous pain and suffering" and that these "injuries resulted in permanent disability to him." (*Id.* ¶ 19.) The *Meza* Plaintiffs seek to recover general and special damages, including all medical and incidental expenses, all loss of earnings and future loss of earnings, loss of consortium damages, along with interest, costs and further relief. (*Id.* at p. 10, Prayer for Relief).

17. Similarly, counsel for Mr. Meza in the underlying *Meza* Action describes underlying Plaintiff's injuries and damages: "Mr. Meza was horrifically injured, shocked, and burned. Mr. Meza has undergone multiple surgeries, including amputation of his arm and parts of his shoulder, torso and neck. ... Plaintiff Margarito Meza's medical treatment has cost over one million dollars. CableCom [Mr. Meza's employer] has intervened in this action and is seeking reimbursement of a lien in excess of one million dollars." (Ex. F, Declaration of Phillip Mastagni, ¶¶ 2-3; *see also* Ex. G, CableCom and Liberty Mutual Insurance Company's Complaint in Intervention, ¶ 11 (seeking to recover expenses in excess of $1,000,000)).

18. Thus, PG&E's potential liability for Mr. Meza's medical bills *alone* satisfies the amount in controversy requirement.

19. Under 28 U.S.C. § 1441(a), any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed to the district court of

---

[1] While the removing defendants in *Garcia, supra*, and certain cases cited therein have also cited verdicts in comparable cases to assess the amount in controversy, *see Garcia*, 2016 WL 9275451, at *3 (citing, *inter alia, Black v. Monster Beverage Corp.*, No.15-cv-02203, 2016 WL 81474, at *2 (C.D. Cal. Jan. 7, 2016)), Comcast respectfully submits that this is unnecessary under the circumstances of this case. Nevertheless, Comcast reserves the right and is prepared to do so.

Freeman Mathis
& Gary, LLP
Attorneys at Law

1  the United States for the district and division embracing where such action is pending.

2    20.    Removal of this action to this Court is therefore proper because the Superior Court
3  of California, San Francisco County, is located within the geographic area embraced by the United
4  States District for the Northern District of California. *See* 28 U.S.C. § 84(a).

5    21.    For all of these reasons, this Court has original jurisdiction over this action and this
6  action is removable to this Court.

7  **NOTICE TO ADVERSE PARTIES AND STATE COURT**

8    22.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be promptly
9  filed with the Clerk of the Superior Court of California, San Francisco County, and served on
10 counsel of record for Plaintiff Pacific Gas and Electric Company and a copy of the Certificate of
11 Service filed with this court.

12    Accordingly, Defendants Comcast Cable Communications, LLC and Comcast Cable
13 Communications Management, LLC respectfully submit that this action is properly removed to this
14 Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

15 Dated: December 20, 2017,        2017    FREEMAN MATHIS & GARY, LLP

17                By:  /s/ REBECCA J. SMITH
                       TIMOTHY W. KENNA, APC
18                     PAUL A. BIGLEY
                       REBECCA J. SMITH
19                     Attorneys for Defendants
                       COMCAST CABLE COMMUNICATION,
20                     LLC and COMCAST CABLE
                       COMMUNICATIONS MANAGEMENT,
21                     LLC

22                     HANGLEY ARONCHICK SEGAL PUDLIN &
                       SCHILLER
23                     Ronald P. Schiller (pro hac vice forthcoming)
                       Alan C. Promer (pro hac vice forthcoming)
24                     One Logan Square, 27th Floor
25                     Philadelphia, PA  19103
                       (215) 568-6200
26                     rschiller@hangley.com/apromer@hangley.com
                       Attorneys for Defendants
27                     COMCAST CABLE COMMUNICATIONS, LLC
                       and COMCAST CABLE COMMUNICATIONS
28                     MANAGEMENT, LLC

-6-
DEFENDANTS' NOTICE OF REMOVAL

4589840.1  56521-00272